FRANK, Judge.
A detailed restatement of the events giving rise to the instant appeal is not essential to our determination that the trial court, sitting in probate, erroneously reformed a deed to vest title to real property in two of the three grantees, thus excluding the third grantee’s residual beneficiaries from an interest in the property.
The record before us, when tested by the well-settled standards applicable to the reformation of an instrument, simply will not sustain the trial court’s action. Our supreme court has most recently stated that: “A court of equity has the power to reform a written instrument where, due to a mutual mistake, the instrument as drawn does not accurately express the true intention or *908 agreement of the parties to the instrument.” Providence Square Association, Inc. v. Biancardi, 507 So.2d 1366, 1369 (Fla.1987). The foregoing “principle is applicable to instruments of conveyance of real property as well as to contracts and can be applied to correct an erroneous land description in order to protect a person’s rights in real property.” 507 So.2d at 1369.
We find nothing in the record disclosing that a mutual mistake, fraud or overreaching occurred in the creation of the deed or that it defectively represents a true purpose to name a third grantee. Moreover, there is no contention before us, nor was there one before the trial court, that the deed contains an erroneous land description. In short, reformation in the present matter was undertaken wholly without an evidentiary basis for that kind of relief.
Accordingly, we reverse and vacate the trial court’s order.
DANAHY, A.C.J., and PARKER, J., concur.